**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

Laura J. Sizelove-Farmer,         )     Civil Action No. 1:13-cv-03041-JMC
                                )
         Plaintiff,          )
                                )
        v.                )
                                )     **ORDER AND OPINION**
Daniel W. Johnson,           )
                                )
        Defendant.      )
_____ )

This matter is before the court pursuant to Plaintiff Laura J. Sizelove-Farmer's ("Plaintiff") motion to remand this matter to the Aiken County (South Carolina) Court of Common Pleas. (ECF No. 17.) Cincinnati Insurance Company ("Cincinnati")[1], purportedly appearing in the name of Daniel W. Johnson ("Defendant")[2], opposes this motion to dismiss. (ECF No. 28.) For the reasons set forth below, the court **GRANTS** Plaintiff's motion to remand.

**RELEVANT BACKGROUND TO PENDING MOTION**

On September 27, 2013, Plaintiff filed this personal injury action in the Aiken County Court of Common Pleas alleging that she suffered injuries after being struck by Defendant's vehicle while riding her bicycle. (ECF No. 1-1 at 2.) On November 7, 2013, Cincinnati filed a Notice of Removal in this court. (ECF No. 1.) In its Notice of Removal, Cincinnati contended that pursuant to South Carolina Code Ann. § 38-77-160 (1976), Cincinnati had a right to appear on behalf of Defendant and thus possessed the right to remove this action from state court to this court. (*See id.* at 3.) Section § 38-77-160 provides, in relevant part, that an "insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its

---

[1] Cincinnati is the provider of Plaintiff's motorist underinsurance coverage. (ECF No. 1-2 at 2.)
[2] On January 24, 2012, Plaintiff entered into a covenant not to execute against Defendant. (ECF No. 1-2 at 2.)

1

liability and has thirty days after service of process on it in which to appear." Cincinnati, moreover, contended that it was the "real party in interest" and Defendant was merely a "nominal defendant." (*Id.*) Accordingly, Cincinnati asserted that since its principal place of business is in Ohio and since "[Defendant's] citizenship is ignored as a nominal defendant," there exists complete diversity and the matter is removable. (*Id.* at 3.)

Plaintiff filed the instant motion to remand pursuant to 28 U.S.C. §§ 1441(a) and 1447(c), alleging that since Cincinnati is not a *named* party, Cincinnati cannot properly remove pursuant to 28 U.S.C. § 1441. (ECF No. 17 at 1.) Plaintiff contends that "the fact that a carrier of underinsured motorist coverage has certain rights under a state statute to defend its own interests does not authorize it to remove this case under the federal statute." (*Id.*) Thus, according to Plaintiff, such purported removal is defective and the case should be remanded to the Aiken County Court of Common Pleas. (*Id.*)

## LEGAL STANDARD

Removal of a civil action is governed by 28 U.S.C. § 1441. Section 1441(a) provides that:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or *the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* (emphases added).

Furthermore, remand of a claim is governed by 28 U.S.C. § 1447. Section 1447(c) provides, in part, that "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] 30 days after the filing of the notice of removal under section 1446(a)." "Thus, § 1447(c) allows a district court to remand 'based on . . .

a defect in removal other than a lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed.'" *In re Norfolk Southern Ry. Co.*, Nos. 13-2112, 13-2127, 2014 WL 2809069, at *3 (4th Cir. June 23, 2014) (quoting *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008)) (internal quotation marks omitted).

Finding that the purported removal in the instant matter was defective and that Plaintiff's motion to remand was made within thirty (30) days after Cincinnati's filing of the Notice of Removal,[3] the court remands this matter to the Aiken County Court of Common Pleas.

## ANALYSIS

Since removal jurisdiction evokes great federalism concerns, removal jurisdiction must be strictly construed. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Thus, "if federal jurisdiction is doubtful, a remand is necessary." *Id.* Here, it is beyond "doubtful" that removal jurisdiction does not exist.

The removal statute, 28 U.S.C. § 1441(a), expressly states removal may be effected by the *defendant* or *defendants*. Here, it cannot tenably be suggested that Cincinnati is a "defendant." In fact, Cincinnati is not even a named party in the instant matter. Nevertheless, Cincinnati attempts to claim it is the "real party in interest" and that Defendant is merely nominal. (*See* ECF 28 at 8 (alleging that "[Defendant] is a nominal party to this litigation," and that "Cincinnati is the real party in interest to this action.").) Cincinnati asserts that S.C. Code Ann. § 38-77-160 allows it to assume control of the defense and thus allows it to remove this case to federal court. The court, however, finds that S.C. Code Ann. § 38-77-160 does not contemplate allowing a "nonparty" to remove, but even assuming *arguendo* it did, removal is

---

[3] Cincinnati filed its notice of removal on November 7, 2013 (ECF No. 1), and Plaintiff filed her motion to remand on December 6, 2013 (ECF No. 17).

governed by federal law, not state law. *Hickman v. Hinson* No. 12-03160, 2013 WL 375230, at *2 (D.S.C. Jan. 31, 2013); 16 Georgene Vairo, *Moore's Federal Practice* § 107.11 (Matthew Bender 3d. 1997) ("Federal law determines whether a party is a defendant[.]"). Thus, this South Carolina statute would not be applicable in the removal context.

In *Hickman*, a case concerning facts similar to those in the instant matter, the court opined that an unnamed insurance company could not remove pursuant to S.C. Code Ann. § 38-77-160. *Hickman*, 2013 WL 375230, at *2. In *Hickman*, the plaintiff brought a personal injury claim against the defendant after being involved in an automobile accident with the defendant. *Id.* at *1. The defendant's insurance carrier paid the policy limits in exchange for a Covenant Not to Execute from plaintiff. *Id.* The plaintiff also served its underinsured motorist carrier and that carrier then assumed control of the defense. *Id.* After assuming control of the defense, the carrier filed a Notice of Removal in this court. *Id.* Thereafter, "the plaintiff filed a motion to remand to [the] state court on the ground that [the] defendant failed to remove the case within thirty days after receipt of the pleadings." *Id.* The carrier responded that it had timely filed its Notice of Removal because, according to the carrier, the date for which the period of removal was triggered was the date of service upon the carrier "as the real party in interest." *Id.* The carrier, moreover, argued that pursuant to S.C. Code Ann. § 38-77-160, "the statutory right of removal belongs to the . . . carrier." *Id.*

The *Hickman* court, however, found that the carrier was not entitled to removal. Looking at the language in 28 U.S.C. §§ 1441, 1446(a), the court explained that the removal statutes "grant[] a right of removal to the *named defendant or defendants* in an action." *Id.* at *2. Thus, the court found that the defendant, and only the defendant, "had the right to remove the action."

*Id.* The court, moreover, found that even when considering S.C. Code Ann. § 38-77-160, the carrier was not a party to the case, and therefore the carrier lacked removal authority. *Id.*

In this matter, the court similarly finds that since Cincinnati is not a named party in the instant matter, it likewise lacks removal authority. *See, e.g.,* 16 Georgene Vairo, *Moore's Federal Practice* § 107.11 (Matthew Bender 3d. 1997) ("A non-party, even one that claims to be a real party in interest, may not remove or participate in the removal of a case[.]"); *Andersen v Khanna*, 827 F. Supp. 2d 970, 974 (S.D. Iowa 2011) (finding that "[a] non-party to a state court proceeding has no right to remove that proceeding to federal court. . . . This is true even if the non-party has an interest or a stake in the proceedings."); *In re Notice of Removal by William Einhorn*, 481 F. Supp. 2d 345, 348 (D.N.J. 2007) (opining that "[t]o interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff.").

Therefore, for the reasons stated above, the court **GRANTS** Plaintiff Laura J. Sizelove-Farmer's motion to remand.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 13, 2014
Columbia, South Carolina